This Cause coming on this Day to be heard Mr. Parsons Solicitor for the Complainant moved that the Order for hearing might be read. Ordered and done Accordingly. He then opened the Scope and Purport of the Bill. Mr. Simpson Solicitor for the Defendant Loyer and Mr. Hugh Rutledge Solicitor for the Defendant Grenier opened the Nature and Scope of said Defendants Answers.
Mr. Parsons then proceeded to prove by the Depositions of David Giroud Jonathan Brian and John Bush the Exhibit marked A purporting to be a Deed from Daniel Merett to Thomas Richards and moved that the said Deed might be read as Evidence in this Cause, and on reading the Depositions of the said David Giroud and John Bush the answer of Daniel Meritt and a release from the said Jonathan Bryan to the Complainant the Court was of Opinion on hearing the Objections of Counsel for the Defendants that the said Deed was not Sufficiently proved and therefore ought not to be read as Evidence. And it being objected by the Court, that Jonathan Bryan should be a Complainant in as much as the Bill prays an Injunction to stay Proceedings on the Verdict at Law obtained against him by the Defendant Loyer and that Loyer may release to him or Complainant Williams all pretended right; it was moved by Mr. Parsons and by Consent of the Defendants Solicitors Ordered that Complainant have Leave to add Mr. Bryan’s Name as a Complainant in this Cause the Defendants Solicitors consenting to waive all objections and that the Titles of the Pleadings be altered.
On reading the Petition of Joseph Stanyarne of Johns Island Planter setting forth that Robert Urie [12] heretofore of Saint Pauls Parish Planter by *590 his last Will and Testament in writing duly made and executed proven and remaining of Record in the Secretary’s office of this Province bearing Date the 8th Day of May Anno Domini 1735 did direct that the Executors therein nominated and appointed should as soon as conveniently might be after his Decease expose to Sale at public vendue or Outcry to the highest Bidder, for ready money or good and Sufficient Security all and every part of his Goods Chattells negroes and personal Estate whatsoever and wheresoever to him belonging or in any wise appertaining excepting two negroe Women therein mentioned and excepted; and did thereby devise and bequeath one full Moiety or half part of all the Monies and Securities therefrom arising the whole in two equal parts to be divided unto the said Petitioner and to William Holmes and Thomas Upham and their assigns in Trust and to the Intent and Purpose that the said Petitioner William Holmes and Thomas Upham and their assigns in Manner thereafter mentioned to be appointed should immediatly or as soon as conveniently might be after the Sale and Division to be made as aforesaid put out the same at Interest on good and sufficient Securities and from Time to Time and at all Times thereafter should yearly and every Year well and faithfully apply and pay the Interest therefrom arising to the sole Use and Behoof and for the Manitainance of a Minister of the Gospel according to the presbyterian Profession who was or should be regularly called and settled on John’s Island in Colleton County in this Province and who should acknowledge and subscribe the Westminster Confession of faith as the Confession of his faith and should firmly believe and preach the Same to the People there committed or which should be committed to his Care and pastoral Inspection; and did further order and declare it to be the true Intent and Meaning of his said Will and Testament that on the Death of any of the said trustees the remaining trustees should immediately as soon as conveniently might be Choose another fitt person of the same Communion and Profession of faith to join with them in the Execution of the said trust and so from Time to Time forever upon the Death of the said Trustees therein mentioned or thereafter to be chosen as aforesaid the Survivors should respectively choose others in their Room in the manner therein before directed.
That the said Robert Urie soon thereafter departed this Life leaving the said Will in full force and the same was duly proved by virtue of a Writt of Dedimus Potestatem directed to John Hammerton Esq. on the 26. Day of October in the Year of our Lord 1736 and at the same Time the said Petitioner was qualified as Executor thereof and soon thereafter to wit on the 28th Day of October 1736 the aforesaid William Holmes and Peter Herne two others of the Executors therein nominated and appointed were also duly qualified and they jointly taking upon themselves the Execution of the same in pursuance of the Direction of the said Will and Testament did expose to sale all the personal Estate of the said Robert Uri excepting the *591 negroes before mentioned to be excepted and after Satisfaction and payment of the just Debts of the said testator there was paid into the Hands of the said Petitioner the Sum of two Thousand Pounds current money to be applied agreeable to the Directions aforementioned contained in the said Last Will and Testament.
That soon thereafter the aforesaid William Holmes and Thomas Upham both departed this Life without any other Trustee having been nominated or appointed in the Room of either of them and the said Sum of two Thousand Pounds having been paid out at Interest the Securities therefore have been in the Possession of the said Petitioner ever since and part of the Interest has been at diverse Times applied towards the Support of Ministers qualified as the said Will directs but as there has been no constant residence of a Minister on Johns Island aforesaid the Interest hath accumulated and there now remains in the Hands of the said Petitioner of principal and Interest Securities and Money amounting to [blank] current Money.
That the said Petitioner by Reason of his advanced age and great Infirmities is now very desirous to be relieved from the further Burthen of the Execution of the said Trust and being advised that the other two Trustees mentioned and appointed in the Will of the said Robert Uri having both died without any Steps taken to supply others in their Room that any Power conferred on the Survivor of the said Trustees by the same is lapsed:
And praying that this Court would be pleased to appoint such and so many fitt and proper Persons to be Trustees in the Room of him and the other Trustees dead to receive from the said Petitioner the said Securities and money: and further to execute the Directions of the Last Will and testament of the said Robert Uri according to the true Intent and Meaning thereof Ordered that the Prayer of said Petition be granted. And that Thomas Hansom and [blank] be; and they are hereby appointed Trustees in the Room and Stead of the said Petitioner and the said other Trustees deceased with full power and Authority to receive of and from the said Petitioner the monies now remaining in his Hands and Securities for Monies and further to execute the Directions of the said Last Will and Testament of the said Robert Urie deceased.
On reading the Petition of Joseph Stanyarne of Johns Island in the Province of South Carolina Planter setting forth that Richard Purcell heretofore of Wadmalaw Island in the Province aforesaid Planter by his last Will and Testament in Writing duly made and executed bearing Date the 21. Day of June 1743 did amongst other Legacies therein giveen and bequeathed will and give One Thousand Pounds currency or One Hundred and forty two pounds Sterling in Trust to the Reverend Mr. Isaac Syme, Mr. Joseph Gibbons Mr. Patrick Norrice and your Petitioner to be put and let out to Interest and the yearly amount or Interest to be given for the Maintenance of a presbyterian Minister of Wadmalaw and Johns Island *592 Congregation, that owns, professes, preaches and subscribes, the Doctrines of the Westminster Confession of faith and observes the worship Rules and Discipline of the Church of Scotland and is regularly called by the Congregation aforesaid and approven by the Presbytery of South Carolina; and therein further declared that it was his Will that when any of the forementioned Trustees do should die or go out of those Places that then the Minister and Eldership of the said Congregation should choose and appoint another Person belonging to the said Congregation to be Trustee in Room and Place of the departed trustee and failing that it was his Will that the surviving trustees should imediatly choose and appoint one of the said Congregation to be to act and do in th'e Room and Place of the departed or deceased trustee;
That the said Richard Purcell soon afterwards departed this Life having his said Will in full force and the same was afterwards to wit on the 25. Day of January 1744 duly proved before his Excellency Governor Glen and Thomas Tatwell, Joseph Gibbons and William Wells by Executors therein named duly qualified and took upon themselves the Burthen of the Execution thereof and soon thereafter paid into the Hands of the said Petitioner the aforementioned Sum of One Thousand pounds currency or one Hundred and forty two pounds Sterling agreeable to the Directions of the same.
That the aforesaid Isaac Syme, Joseph Gibbons and Patrick Morrice Trustees jointly appointed with your Petitioner and long since deceased and neither the Minister and Eldership of the said Congregation nor the surviving Trustees on their Neglect have at any Time proceeded to elect another Person in his or their Room so dying but that the said Petitioner hath continued to act as sole Trustee and from Time to Time placed out the said Money at Interest on Security and hath at sundry Times applied Part of the same towards the Support of a Minister qualified and sealed as by the said Will is directed but as there had not been a constant Residence of a Minister on the said Island the Interest had accumulated and that there now remains in the Hands of the said Petitioner of Principal and Interest Securities and Money amounting in the whole to [blank] current Money of the said Province.
That the said Petitioner by Reason of his advanced age and great Infirmities was very desirous to be relieved from the further Burthen of the Execution of the said trust and being advised that the Minister and Elder-ship of the said Congregation not having proceeded upon the Death of the said Isaac Syme Joseph Gibbons, and Patrick Norrice to elect other fitt and proper Persons to be Trustees in their respective Rooms, and the remaining Trustees not having proceeded therein upon the Neglect of the said Minister and Eldership agreeable to the Directions of the said Last will and testament the Powers divised to the said Minister and Eldership and to the said Trustees by the said Last will were lapsed: and praying that this honor *593 able Court would be pleased to take the Matter into Consideration and to appoint such and so many fitt and proper Persons to be Trustees in the Room of him and the other Trustees dead to receive from the said Petitioner the said Securities and Money and further to execute the Directions of the Last Will and Testament of the said Richard Purcell according to the true Intent and Meaning thereof and that they would be pleased to give such other Directions and Orders therein as to them should seem fitt; Ordered that the Prayer of said Petition be granted And that Thomas Hunscome and [blank] be, and they are hereby appointed Trustees in the Room and Stead of the said Petitioner, and the said other Trustees deceased with full Power and Authority to receive of and from the said Petitioner the Monies now remaining in his Hands and Securities for Monies, and further to execute the Directions of the said last Will and Testament of the said Richard Purcell deceased.
On reading the Petition of Mr. Thomas Phipoe[13] Attorney at Law praying to be admitted a Solicitor in this Court Ordered that the Prayer of the said Petition be granted and that the Name of the said Petitioner be enrolled amongst the Names of the Solicitors of this Court he having taken the usual Oath of Solicitor.

 Robert Urie ivas “among Scotland’s banished ones sent to Carolina in 1684” (Howe, Presbyterian Church in South Carolina, I, 207).
Soon after the granting of his petition, Joseph Stanyarne died, April 7, 1772, aged seventy years (SCHGM, X, 168).

 Thomas Phepoe had been commissioned the preceding June to practice in the law courts. After the Revolution, as one of the loyal militia who had petitioned to be armed, his property was *594 confiscated and he was banished. (McCrady, S. C. under the Royal Government, p. 48, SCHGM, XXXIV, 196.)